IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIOGEN INTERNATIONAL GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-2054-LPS |
| | ) | |
| BANNER LIFE SCIENCES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's January 7, 2020 Order (D.I. 53) requesting a joint status report setting forth the parties' positions as to how this case should proceed, the parties hereby respectfully respond as follows:

**PLAINTIFF'S POSITION:**

This Court's January 7, 2020 decision on Banner's motion for judgment on the pleadings presents novel and difficult legal questions with significant implications requiring resolution by the Federal Circuit. During their meet and confer, Biogen informed Banner that it intends to appeal the decision and asked whether Banner intends to enter the market prior to the expiration of the '001 patent on June 20, 2020, and if so, when. Banner would not answer that question and said that it will ask this Court to enter final judgment.

Entry of judgment will allow the FDA to immediately issue final approval of Banner's MMF-containing product. A traditional stay of the judgment by either this Court or the Federal Circuit will *not* suffice to preserve the status quo. *See Sanofi-Aventis U.S. LLC v. Sandoz, Inc.*, Nos. 2009-1427, -1444, 2009 WL 7365766, at *2 (Fed. Cir. Aug. 13, 2009) (Moore, J., concurring). If final judgment is entered, only a temporary restraining order or injunction will

maintain the status quo and prevent Banner from entering the market before the Federal Circuit can consider Biogen's appeal.

If Banner cannot or does not intend to market its product prior to the June 20, 2020 expiration date of the '001 patent, then neither the parties nor the Court need to expend the resources necessary to litigate a motion for injunctive relief. Perhaps Banner will answer this highly relevant timing question if the Court asks it. However, if Banner seeks immediate entry of final judgment and will not disclose whether it will enter the market prior to June 20, 2020, then Biogen is prepared to promptly file a motion asking this Court to defer entry of judgment or issue a temporary restraining order ("TRO") pursuant to Fed. R. Civ. P. 65(b) while it considers Biogen's application pursuant to Fed. R. Civ. P. 62(d) for an injunction to prevent Banner from launching its copy of Tecfidera® until the Federal Circuit decides Biogen's appeal or the '001 patent expires on June 20, 2020, whichever is earlier. Alternatively, Biogen will ask this Court to enter a TRO or preliminary injunction sufficient to allow Biogen to seek injunctive relief from the Federal Circuit pending appeal. This Court's January 7, 2020, order instructed the parties to first meet and confer to submit this joint status report no later than January 13, 2020, to provide the Court with "their position(s) as to how this case should now proceed and with forms of any additional order(s) any party wishes the Court to enter." *See* D.I. 53. While Biogen is ready to file a motion for injunctive relief immediately, Biogen did not do so today as it understood this Court's order as first asking for the parties' positions before receiving additional motions. Biogen's proposed revisions to the final judgment were in no way an acquiescence to Banner's filing the proposed judgment at this time, as expressly noted in Biogen's communications to Banner.

Moreover, Banner's accusations of "gamesmanship" and "delay" ring hollow given that Banner waited until November 2018—eight months after Banner sent its initial Paragraph IV

notice—before it belatedly decided to challenge Biogen's '001 patent. The consequences of Banner's self-made delay should rest with Banner, not Biogen.

Banner's premature launch would cause irreparable harm to Biogen and its multiple sclerosis ("MS") portfolio—especially its recently-launched Vumerity™ product which, like Biogen's Tecfidera®, also provides the monomethyl fumarate ("MMF") active moiety upon administration to patients. This harm cannot be fully and adequately addressed by monetary damages. Banner's suggestion that Biogen is not irreparably harmed because Vumerity™ is not covered by the '001 patent is unavailing—"[e]ven without practicing the claimed invention, the patentee can suffer irreparable injury. Direct competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude." *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012). Here, Banner's MMF-containing product will compete against Vumerity™ in the same market. The '001 patent provides Biogen with the right to exclude Banner's MMF-containing product even if Vumerity™ is not covered by the '001 patent. And Biogen will face irreparable competitive harm without enforcement of its right to exclude during a critical window for Vumerity™.

Biogen also asked Banner if it would agree to an injunction pending appeal. Banner's response was to ask how much Biogen is offering as security, but Banner, in addition to refusing to state whether it is even ready to launch would not provide information relevant to this issue. Because Biogen's financial health is not in question, security in case Biogen's appeal is unsuccessful should be a non-issue. If a corporate undertaking or bond is required, the burden is on Banner to come forward with information that it is in the best position to provide regarding the amount of harm, if any, that it could suffer from a wrongful restraint. *See Fresenius Kabi USA, LLC v. Fera Pharms., LLC*, No. 15-cv-3654, 2016 U.S. Dist. LEXIS 128126, at *44

(D.N.J. Sept. 20, 2016) (granting preliminary injunction and ordering that "Counsel shall confer as to the amount and terms of a bond, and submit any dispute to the Magistrate Judge within 10 days.").

Biogen respectfully requests that the Court compel Banner to provide the requested information, and further requests that the Court schedule a conference to discuss these issues, including a briefing schedule and procedures going forward.

**DEFENDANT'S POSITION:**

The Court's Opinion and Order (D.I. 52, 53) dated January 7, 2020, resolve all outstanding issues in this case. Therefore, the Court should enter Final Judgment. Banner's proposed Final Judgment Order is attached as Exhibit A. While Biogen disagrees that Final Judgment is proper, it provided proposed revisions to the Final Judgment Order shown in redline in Exhibit B. Banner does not believe the deletions with regard to paragraphs 2 and 3 are appropriate as those paragraphs provide for the basis and procedure for Banner to seek its costs at the appropriate time. With regard to whether the term "asserted" should be added before claims in paragraph 1 of the Final Judgment Order, Banner was unaware that there were unasserted claims. In any event, there is only one independent claim in the '001 patent; since it was held not infringed, none of the other claims can be infringed.

With regard to Biogen's request to delay entry of Final Judgment, Biogen merely seeks to further delay Banner's entry to the market despite its loss on the merits. Banner presently has tentative approval. As noted above in Plaintiff's section, Biogen is opposing entry of Final Judgment in an attempt to prevent FDA from granting Final Approval. In essence, Biogen seeks a Temporary Restraining Order/Preliminary Injunction based on FDA inaction without satisfying any of the four prongs typically evaluated by the Court or providing Banner the security it would

be entitled to under Federal Rules of Civil Procedure 62(d) and 65(c).  Biogen's gamesmanship should be rejected.

With regard to its proposal for Preliminary Injunction proceedings, Biogen has known since at least mid-September 2019 that Banner's motion was approaching decision.  Biogen could have prepared the majority of its papers at that time.  Additionally, nearly a week has passed since this Court rendered its decision, Biogen has had time to file its request in the interim, and it has not done so.  Biogen's delay in filing stands in stark contrast to its purported need for the injunction.[1]

Instead of filing, Biogen has (1) sought Banner's agreement to self-impose an injunction without even offering the security Banner would be entitled to if Biogen successfully obtained a Court-ordered injunction, and (2) requested access to Banner's most confidential economic documents while holding the threat of an injunction over Banner's head.  Banner had no choice but to decline such requests from Biogen.  Moreover, as Biogen well knows, the issue of a bond is frequently addressed only after the Plaintiff shows that it is entitled to an injunction.  As such, Banner should not have to provide Biogen the requested information.

Biogen cannot make the requisite showing that it is entitled to a TRO or a preliminary injunction.  First, any request for a preliminary injunction of necessity must demonstrate a strong showing that it is likely to succeed on the merits.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  Given the Court's opinion, Biogen cannot do so.  Second, Biogen's only assertion of irreparable harm is tied to its MS portfolio in general, and more specifically to its recently launched Vumerity™ product.  According to Biogen, however, Vumerity™ is not covered by the '001

---

[1] For all practical purposes, Biogen is seeking a permanent injunction given that the '001 patent only has approximately 5 months left prior to expiration.  If Biogen were truly concerned and not just trying to "run out the clock," it could have—and would have—proposed an expedited period for briefing to this Court or appeal.  Instead, it requests a conference for some unspecified time in the future while opposing entry of Final Judgment.

patent. *See* Exhibit C (Vumerity™ "Orange Book" listing).  In other words, Biogen asserts that it has been using the 30-month stay not because it is concerned about Banner competing with its Tecfidera® product, *i.e.*, the product which entitles Biogen to the 30-month stay; rather, it has been using that statutory stay to protect a product that has no "Orange Book"-listed patents that would prevent Banner's approval.  As such, Biogen's request for a preliminary injunction should be rejected and Final Judgment entered.  At a bare minimum, Final Judgment should be entered, and Biogen can request whatever relief it seeks from that judgment in supplemental filings.[2]

As for the appropriate procedure, Banner does not believe that a further call with the Court is necessary prior to entry of Final Judgment.  Should the Court have questions or believe a call would be helpful to the Court, Banner can be available for a call at the earliest date that is convenient for the Court.

| ASHBY & GEDDES | SHAW KELLER LLP |
|---|---|
| */s/ Steven J. Balick* | */s/ Nathan R. Hoeschen* |
| Steven J. Balick (#2114)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>sbalick@ashbygeddes.com<br>amayo@ashbygeddes.com<br><br>*Attorneys for Plaintiff* | Karen E. Keller (#4489)<br>David M. Fry (#5486)<br>Nathan R. Hoeschen (#6232)<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>dfry@shawkeller.com<br>nhoeschen@shawkeller.com<br><br>*Attorneys for Defendant* |

---

[2] Should Biogen actually file the TRO it has threatened since September 2019, it is worth noting that the '001 patent only covers a method of treatment.  Therefore, Banner could only ever infringe—if at all—by actually releasing product into the marketplace and through patients taking the product.  Without administration to actual patients, there is no direct infringement of a method of treatment patent, and, without direct infringement, Banner cannot be liable under 35 U.S.C. Section 271(b) or (c).  Yet, Biogen has requested information relating to—and presumably seeks to enjoin—Banner's manufacturing activities, contracting, and other activities.  A method of treatment patent cannot block such non-infringing activities.