# EXHIBIT 1

Case 1:18-cv-02054-LPS   Document 59-1   Filed 01/20/20   Page 2 of 11 PageID #: 1859

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BIOGEN INTERNATIONAL GMBH,<br><br>Plaintiff,<br><br>v.<br><br>BANNER LIFE SCIENCES LLC,<br><br>Defendant. | C.A. No. 18-2054-LPS |

**[PROPOSED] FINAL JUDGMENT AND LIMITED**
**TEMPORARY RESTRAINING ORDER**

Pursuant to the Court's Memorandum Opinion and Order (D.I. 52, 53) of January 7, 2020, granting Banner's Motion for Judgment on the Pleadings, and the Court having considered the parties' positions in the Joint Status Report dated January 13, 2020 (D.I. 55) and in a joint teleconference on January 17, 2020, and for the reasons stated on the record during that teleconference, it is hereby ORDERED and ADJUDGED that:

1. Final Judgment of non-infringement is entered on behalf of Defendant Banner Life Sciences ("Banner") with regard to its counterclaim and against Plaintiff Biogen International GmbH's ("Biogen") claim of infringement regarding all claims of U.S. Patent No. 7,619,001 for the reasons stated in the Court's Memorandum Opinion of January 7, 2020.

2. Defendant is the prevailing party as to Plaintiff's claims of infringement of U.S. Patent No. 7,619,001 and as to Defendant's counterclaims for declaratory judgment of noninfringement of U.S. Patent No. 7,619,001.

3. Any motion for an award of costs or attorneys' fees shall be deferred until all appeals relating to this litigation have been exhausted and the Mandate has issued from the Court

{01528013;v1 }

of Appeals. If Plaintiff does not file an appeal in this litigation, Defendant's deadline for filing such motions and their bills of costs shall be extended to 45 days after the deadline for Plaintiff to file an appeal has lapsed.

4. After this Court rendered its January 7, 2020, Memorandum Opinion finding that Banner did not infringe, Biogen orally requested on January 17 either a Temporary Restraining Order or an Injunction pending appeal. Having considered the premises and the arguments of the parties, and for the reasons stated on the record at the teleconference of January 17, 2020, this Court denies Biogen's motion for an injunction pending appeal but grants a limited Temporary Restraining Order.

5. To allow Biogen time to pursue an injunction pending appeal from the Court of Appeals for the Federal Circuit, Banner is enjoined from launching the product that is the subject of its NDA No. 210296 prior to the expiration of this Temporary Restraining Order.

6. For the avoidance of doubt, this Temporary Restraining Order will not prohibit the FDA from finally approving Banner's NDA No. 210296 should the FDA determine that the NDA has otherwise satisfied the conditions of final approval.

7. Nor does this Temporary Restraining Order prohibit Banner from engaging in pre-launch activities such as manufacturing or stocking product in warehouses. This Temporary Restraining Order does prohibit Banner from selling or offering for sale the product that is the subject of its NDA No. 210296.

8. This Temporary Restraining Order will expire on the earlier of (a) February 4, 2020 at 12:01 a.m. Eastern Standard Time or (b) a decision from the Federal Circuit denying any motion for an injunction during the pendency of any appeal.

9. Additionally, this limited Temporary Restraining Order is expressly conditioned on Biogen's compliance with the following terms, all of which the Court deems reasonable and

appropriate to preserve the status quo for (at most) until February 4, 2020 at 12:01 a.m. Eastern Standard Time:

    (i)    Biogen will move to expedite its appeal in the Federal Circuit. Biogen agrees that it will file its motion for relief before the Federal Circuit with all deliberate speed and that Banner can expedite its opposition as it deems appropriate;

    (ii)    Biogen shall not take any steps or actions to delay or inhibit final approval of Banner's NDA product;

    (iii)    Biogen agrees to provide security in the form of a corporate undertaking during the pendency of this Temporary Restraining Order in the amount of $100,000, pursuant to Fed. R. Civ. P. 65(c) to cover proven damages, if any, to the extent that Banner proves damages in a later proceeding.

January \_\_\_\_, 2020

                        HONORABLE LEONARD P. STARK
                        UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

[Dkt. Ent. 718]

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| ASTRAZENECA LP and ASTRAZENECA AB, <br><br> Plaintiffs, <br><br> v. <br><br> BREATH LIMITED, <br><br> Defendant. | Consolidated Civil Action No. 08-1512 (RMB/AMD) <br><br> Member cases: <br> 09-1518 <br> 09-4115 <br> 10-5785 <br> 11-3626 |
| ASTRAZENECA LP and ASTRAZENECA AB, <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX, INC. and APOTEX CORP., <br><br> Defendants. | **ORDER** |
| Plaintiffs, <br><br> v. <br><br> SANDOZ, INC., <br><br> Defendant. | |
| ASTRAZENECA LP and ASTRAZENECA AB, <br><br> Plaintiffs, | |

1

                    v.

WATSON LABORATORIES, INC.

                    Defendant.
_____

**BUMB**, UNITED STATES DISTRICT JUDGE:

In this patent infringement action, the Court issued an Opinion and Order on April 1, 2013, entering judgment in favor of the defendants, Breath Limited, Watson Laboratories, Inc. (collectively "Breath/Watson"), Apotex Corp., Apotex, Inc. (collectively "Apotex"), and Sandoz, Inc. (all the defendants are referred to as the "Defendants"), and against the plaintiffs, AstraZeneca LP and AstraZeneca AB ("AstraZeneca"). Specifically, the Court found U.S. Patent No. 6,598,603 invalid and U.S. Patent Number 7,524,834 not infringed.

The following day, April 2, 2013, AstraZeneca moved to enjoin Defendants from launching their generic drug products pending appeal of the Court's April 1st decision, pursuant to Federal Rule of Civil Procedure 62(c).[1]  [Dkt. Ent. 718.]  In the same motion, AstraZeneca also moved for a temporary restraining order to preserve the status

---

[1] Rule 62(c) provides in relevant part:
> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. . . .

Fed. R. Civ. P. 62(c).

2

quo and to protect the respective rights of the parties while the Court considers the Rule 62(c) motion.

Upon receiving Plaintiffs' motion, the Court issued a Text Order on April 2, 2013, requiring Defendants to file their oppositions, if any, by 3:00pm on the same date. They have now done so. Apotex does not oppose the issuance of a preliminary injunction pending appeal if an appropriate bond is posted. Breath/Watson advises the Court that it has already launched its generic drug product and opposes AstraZeneca's motion. The Court has considered the parties' submissions.

For the reasons set forth in a Memorandum Opinion that shall issue forthwith, it is hereby:

**ORDERED**, pursuant to Rule 62(c), that AstraZeneca's motion for injunctive relief pending appeal is GRANTED IN PART and DENIED IN PART; and it is further

**ORDERED** that Defendants are enjoined from launching and distributing their generic versions of PULMICORT RESPULES® until **April 12, 2013,** for the purpose of permitting AstraZeneca an opportunity to seek injunctive relief with the Federal Circuit pursuant to Federal Rule of Appellate Procedure 8(a).

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: April 2, 2013

3

# EXHIBIT 3

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELI LILLY AND COMPANY, | : : | |
| Plaintiff, | : : | |
| v. | : : | |
| ACTAVIS ELIZABETH LLC, GLENMARK PHARMACEUTICALS INC., SUN PHARMACEUTICAL INDUSTRIES LTD., SANDOZ INC., MYLAN PHARMACEUTICALS INC., APOTEX INC., AUROBINDO PHARMA LTD., TEVA PHARMACEUTICALS USA, INC., SYNTHON LABORATORIES, INC., ZYDUS PHARMACEUTICALS, USA, INC., | : : : : : : : : : : : | **Hon. Dennis M. Cavanaugh**<br><br>**ORDER**<br><br>Civ. No. 07-cv-3770 (DMC) (JAD) |
| Defendants. | : : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion of Plaintiff Eli Lilly and Company ("Lilly") for a Temporary Injunction pursuant to Fed. R. Civ. P. 62(c), and the Court, having considered the submissions of the parties:

**WHEREFORE** Lilly asks this Court to "enjoin the Defendants from launching at risk to permit the Federal Circuit time to determine whether an interim injunction is warranted in this case";

**WHEREFORE** this Court has, on multiple occasions, acknowledged the significant and uncertain legal question relating to enablement that is dispositive as to the enforceability of Plaintiff's patent;

**WHEREFORE** this Court recognizes the attendant price and market share effects that will immediately take place upon entry of Defendants' generic products into the market;

**WHEREFORE** the Court may fashion limited relief to permit the Federal Circuit to have the opportunity to consider Lilly's request for injunctive relief in this matter;[1]

IT IS on this ___18th___ day of August, 2010;

**ORDERED** that Lilly's Motion for a Temporary Injunction pending the resolution of the appeal in this case is hereby **denied**; and it is further,

**ORDERED** that Lilly's Motion for a Temporary Injunction while Lilly seeks injunctive relief from the Federal Circuit is hereby **granted in part**; and it is further,

**ORDERED** that Defendants will be enjoined for a period of (14) days from the date of entry of the Final Judgment in this matter from launching in the U.S. a generic version of Strattera®, for the purpose of permitting Lilly to seek injunctive relief with the Federal Circuit; and it is further

**ORDERED** that Lilly must post security in the value of $10,000,000, in the form of a bond or corporate undertaking.

        S/ Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Orig.: Clerk
cc: All Counsel of Record
     Hon. Joseph A. Dickson, U.S.M.J.
     File

---

[1] Absent the limited relief granted herein, the Federal Circuit would not have a meaningful opportunity to consider granting the relief sought by Lilly, as the Defendant generic drug manufacturers will be permitted to enter the market regardless of the ultimate determination made as to the enforceability of the patent-in-issue. Sanofi Aventis U.S. LLC v. Sandoz, Inc., Nos. 2009-1427,-1444, slip op. at 3- 5 (Fed. Cir. Aug. 13, 2009); *FDA Guidance for Industry: Court Decisions, ANDA Approvals, and 180-Day Exclusivity Under the Hatch-Waxman Amendments to the Federal Food, Drug, and Cosmetic Act*, 65 Fed. Reg. 16,922 (Mar. 30, 2000) ("Neither a stay nor a reversal of a district court decision finding the patent invalid, unenforceable, or not infringed will have an effect on the approval of the ANDA . . . .").